FILED & ENTERED

JUN 12 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT LEONARD KAPLAN,<br><br>Debtor.<br><br>RENEWABLE RESOURCES COALITION, INC., et al.,<br><br>Plaintiffs,<br>v.<br><br>ROBERT LEONARD KAPLAN,<br><br>Defendant. | Case No.: 2:11-bk-60249-RK<br><br>Chapter 7<br><br>Adv No: 2:12-ap-01415-RK<br><br>**ORDER AFTER HEARING ON:<br>(1) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; (2) DEFENDANT'S MOTION TO EXTEND DISCOVERY CUTOFF DATE; AND (3) PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Date:        May 30, 2013<br>Time:       10:00 AM<br>Courtroom: 1675 |

At the hearing on plaintiffs' motion for summary judgment, defendant's motion to extend discovery cutoff date and plaintiffs' motion for protective order on May 30, 2013, the court heard the arguments of counsel for the parties on these motions, and after hearing the arguments and considering the moving and opposing papers, the court orally ruled that it was adopting its tentative ruling last updated at May 29, 2013 at 7:30

p.m. This order sets forth verbatim the court's tentative ruling now adopted as its final order (with non-substantive corrections of minor typographical or stylistic errors).

: Pending before the court are: (1) plaintiff's motion for summary judgment; (2) defendant's motion to extend discovery cutoff date; and (3) plaintiff's motion for protective order. The court first notes that under the existing scheduling order, the discovery cutoff date was 4/30/13, the joint pretrial stipulation (order) is due on 6/4/13 and the pretrial conference is scheduled for 6/11/13 at 2:00 p.m. The scheduling order provided that the discovery cutoff date of 4/30/13 was without prejudice to defendant's right to move for an extension of the date for good cause.

With respect to the discovery motions, the court is of the view that defendant timely noticed the depositions he sought to take as they were noticed for dates before the discovery cutoff date of 4/30/13, but that the motion to extend the discovery cutoff date was not timely filed because it was filed after the discovery cutoff date had passed.

In the court's view, defendant properly noticed the depositions of plaintiffs to be taken in this judicial district. See 2 Schwarzer, Tashima and Wagstaffe, *Rutter Group Federal Civil Procedure Before Trial,* ¶ 11:1457 at 11-191 (2012) (plaintiff generally must produce witnesses in the district in which plaintiff filed the action unless plaintiff has shown financial hardship or inability to attend the deposition in that district), citing *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 106 (D. Del. 2010); *In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 471 (E.D. Va. 2010).

However, the deposition subpoenas served on nonparty, nonresident witnesses are not effective because such witnesses cannot be compelled to travel out of state more than 100 miles from their residence, mail service is not effective under Federal Rule of Civil Procedure ("FRCP") 45 (personal service is required), the appropriate witness fees and travel costs (e.g., mileage if applicable) were not tendered at time of service. Nevertheless, plaintiffs cannot seek a protective order as to these witnesses since they are not them or representing them, except Robert Gilliam, who is specially

1  represented by counsel for plaintiffs.  The court further notes that defendant's discovery
2  motion is not a motion to compel discovery, which would now be untimely.  Having said
3  this, the court sees no need for the deposition witnesses to appear for depositions
4  unless otherwise ordered by this court specifically.
5      The court concludes that the grounds for the protective order prohibiting multiple
6  depositions or limiting depositions to 7 hours under Federal Rule of Bankruptcy
7  Procedure ("FRBP") 7030 and FRCP 30 are not applicable because defendant has not
8  violated such restrictions in this case.  Defendant was not a party in the prior arbitration
9  proceedings or case to confirm the final arbitration award, and this is a different case.
10     The motion for protective order should be denied, except as to Robert Gillam,
11 who has standing to seek a protective order through counsel for plaintiffs.
12     As to defendant's motion to extend discovery cutoff date, the court is inclined to
13 conditionally grant the motion to allow limited discovery by defendant to oppose the
14 summary judgment motion.  See FRCP 56(d) and (e).  The court will allow defendant to
15 take depositions of plaintiffs in accordance with FRCP 30 without requiring them to travel
16 out of state, subject to the 7 hour time and one deposition limitations and subject matter
17 specifications for organizational deponents, which could be accomplished by counsel for
18 defendant traveling to Alaska where the plaintiffs are located or by videoconference.
19 Alternatively, the depositions could be conducted in person in California by express
20 consent of plaintiffs upon terms acceptable to plaintiffs (including defendant's payment
21 of travel expenses for travel to and from their residence for deposition).  If defendant
22 seeks to take the depositions of nonparty, nonresident witnesses, he and his counsel will
23 have to take such depositions subject to the requirements and restrictions of FRCP 30
24 and 45 (i.e., their state of residence or the 100-mile "bulge" rule, service of new
25 subpoenas with simultaneous tender of witness and mileage fees).  It seems that
26 defendant can complete the needed depositions in 45 days.  The court will not extend
27 the discovery cutoff date unless these conditions are met.

-3-

As to plaintiffs' summary judgment motion, given the large monetary claims of plaintiffs (over $4 million) and the parties' dispute regarding privity and applicability of preclusion doctrines to this case, see Taylor v. Sturgill, 553 U.S. 880, 884, 892-896 (2008), the court concludes that it should exercise its reasonable discretion under FRCP 56(d) and (e) to allow defendant to take discovery to defend the summary judgment motion, notwithstanding plaintiffs' arguments under Local Bankruptcy Rule ("LBR") 7056-1(c)(4) that plaintiff has not identified specific facts or issues for discovery.  Thus, the court would defer ruling on the summary judgment motion until defendant has been allowed to take further limited discovery as discussed herein and further argument after the close of extended discovery.

The court may extend the deadline to file the joint pretrial stipulation (order) and continue the pretrial conference if the court conditionally grants defendant's motion to extend the discovery cutoff date.  Otherwise, the court expects full compliance of the parties with the requirements of LBR 7016-1 to prepare for and participate in the scheduled pretrial conference on 6/11/13 because the parties are required to complete these tasks, notwithstanding the pending motions, and may impose sanctions for noncompliance by the culpable parties.

###

Date: June 12, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER AFTER HEARING ON: (1) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; (2) DEFENDANT'S MOTION TO EXTEND DISCOVERY CUTOFF DATE; AND (3) PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** - Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) June 12, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

*Counsel for Defendant Kaplan:*
 Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com

*Counsel for Plaintiffs:*
D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
Richard A Marshack    rmarshack@marshackhays.com,
    lbergini@marshackhays.com;ecfmarshackhays@gmail.com
Martina A Slocomb    mslocomb@marshackhays.com, ecfmarshackhays@gmail.com

*United States Trustee (LA):*    ustpregion16.la.ecf@usdoj.gov

*Chapter 7 Trustee:*
Edward M Wolkowitz (TR)    emwtrustee@lnbrb.com, ewolkowitz@ecf.epiqsystems.com

☐    Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

*Counsel for Plaintiffs*
Stephen W Cusick
Nielsen, Haley & Abbott LLP
44 Montgomery St Ste 750
San Francisco, CA 94104

*Plaintiffs*
Renewable Resources Coalition, Inc.
Arthur Hackney
Hackney & Hackney Inc
c/o Nielsen, Haley & Abbott LLP
44 Montgomery Street Suite 750
San Francisco, CA 94104

*Defendant*
Robert Leonard Kaplan, Defendant
933 Ocean Blvd. #1
Santa Monica, CA 90403

☐    Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**

3.  **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐   Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.